E. MARTIN ESTRADA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number: 209813
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3550
     Facsimile: (714) 338-3708
     E-mail:   Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>THOMAS JASON HUNTER,<br><br>          Defendant. | Case No. SA CR 23-85-FWS<br><br>GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT |

     Plaintiff United States of America, by and through its counsel of record, Jennifer L. Waier, having received and reviewed the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Presentence Report for defendant Thomas Jason Hunter, submits the government's response to the Presentence Report.

Dated: September 28, 2023         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

*Jennifer L. Waier*
JENNIFER L. WAIER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

Defendant Thomas Jason Hunter pleaded guilty to a single-count information charging defendant with wire fraud in violation of 18 U.S.C. § 1343.

The Probation Office has determined that defendant's Total Offense Level with acceptance of responsibility is 20 and Criminal History Category is III.  Thus, the advisory sentencing guideline range is 41 to 51 months' imprisonment.  The government agrees with the Criminal History Category calculation[1] but objects to the Total Offense Level in the Presentence Report.

The Probation Office applied a two-level enhancement under USSG §2B1.1(b)(2)(A)(iii) solely because Victim D.A.S. claimed to use savings marked for his children's college education to make his $250,000 investment.  (PSR ¶ 35.)  The government agrees with defendant (Def. Pos. 2-3) that this enhancement should not be applied.

In order to apply the two-level enhancement under USSG §2B1.1(b)(2)(A)(iii), this Court must determine whether the victims suffered a loss that was significant in light of their individual financial circumstances.  See United States v. George, 949 F.3d 1181, 1185 (9th Cir. 2020)(concluding "that section 2B1.1(b)(2) requires the sentencing court to determine whether the victims suffered a loss that was significant in light of their individual financial circumstances.").  In determining whether the offense resulted in substantial financial hardship to a victim, this Court

---

[1] Based on the prospective amendment to USSG §4A1.1(d) (effective November 1, 2023) that eliminates the status points in paragraph 47 of the Presentence Report, the government agrees with defendant (Def. Pos. at 5-6) that he should have 4 criminal history points instead of 6 criminal history points.  With 4 criminal history points, defendant is still in Criminal History Category IV.

shall consider whether the victim became insolvent, filed for bankruptcy, suffered substantial loss of retirement funds, postponed retirement plans, had to relocate, or could no longer obtain credit. Id.

Here, there is no indication that D.A.S. suffered a substantial financial hardship. Although D.A.S. invested $250,000, D.A.S. was repaid $115,821.14. There is no indication that D.A.S. suffered a bankruptcy, lost a substantial amount of his retirement funds, or became insolvent. Accordingly, defendant should be at a Total Offense Level of 18, resulting in an advisory sentencing guideline range of 33-41 months' imprisonment.[2]

In accordance with the Plea Agreement, the government requests that defendant receive the following low-end sentence: 33 months' imprisonment followed by a three-year term of supervised release. Defendant should also be ordered to pay restitution in the amount of $941,718.64 based on the attached list that takes into account repayments and a $100 special assessment.

This sentence is consistent with the applicable factors delineated in 18 U.S.C. § 3553(a) and therefore is just punishment as it protects the public in light of defendant's criminal history and instills the seriousness of the committed offense.

---

[2] Defendant asserts that he is entitled to a two-level minor role reduction under USSG §3B1.2(b). (Def. Pos. at 3-4.) This is absurd. Defendant admitted that he was the Chief Executive Officer of the companies. (Plea Agreement ¶ 10.) Defendant controlled the companies' bank accounts where the investor money was deposited. Defendant knew that investor money was to be used for investment purposes only, yet used the investor money to pay "profit payments" to lull victims into thinking that the companies were profitable and for his own personal expenses. (Id.) In fact, defendant and W.M. equally controlled the companies and took equal amounts of investor money for their own use.

**Site Fuel International Trading - Commodities Investment**

|  |  | Investment | Repayments | Total Loss |
|---|---|---:|---:|---:|
| **T.M.** |  | $ 70,000.00 |  | $21,000 |
|  | BofA 1650 |  | $ (17,500.00) |  |
|  | BofA 4001 |  | $ (31,500.00) |  |
| **D.A.S.** |  | $ 250,000.00 |  | $134,178.86 |
|  | BofA 8706 |  | $ (10,534.00) |  |
|  | FRB 5135 |  | $ (8,521.00) |  |
|  | BofA 4001 |  | $ (54,266.14) |  |
|  | BofA 1650 |  | $ (37,500.00) |  |
|  |  |  | $ (5,000.00) |  |
| **D.G.** |  | $ 78,000.00 |  | $48,000 |
|  | BofA 8706 |  | $ (10,000.00) |  |
|  | BofA 4001 |  | $ (20,000.00) |  |
| **A.H.** |  | $ 470,000.00 |  | $418,539.78 |
|  | FRB 5135 |  | $ (10,000.00) |  |
|  | BofA 4001 |  | $ (33,500.00) |  |
|  | BofA 1965 |  | $ (7,960.22) |  |
| **M.A.** |  | $ 130,000.00 |  | $120,000 |
|  | BofA 4001 |  | $ (10,000.00) |  |
| **K.Y.T.** |  | $ 200,000.00 |  | $200,000 |
|  |  |  |  |  |
| **TOTAL LOSS** |  |  |  | **$941,718.64** |